PER CURIAM.
This is an appeal by the state from a pretrial order suppressing a blood alcohol sample taken from the defendant Kenneth Barnes in a criminal prosecution for driving under the influence. We reverse the order under review and remand for further proceedings based on the following briefly stated legal analysis.
First, the blood alcohol sample herein was, without dispute, taken from the defendant by a duly qualified medical person under Section 316.1932(l)(f)(2), Florida Statutes (1985), after the defendant was lawfully arrested for driving under the influence.
Second, we assume, without deciding, that the blood sample herein was taken from the defendant at the request of a Key West police officer who, as the trial court found, had only provisional status as a certified law enforcement officer, and, accordingly, was not technically a “law enforcement officer” within the meaning of Section 316.1932(l)(f)(2), Florida Statutes (1985).
Third, the fact that a “law enforcement officer” did not in this case request that the blood sample herein be taken from the defendant as required by Section 316.-1932(l)(f)(2), Florida Statutes (1985), does not, as the trial court concluded, require that the subject blood sample be suppressed. This is so because the above statute specifically provides that “the failure of a law enforcement officer to request the withdrawal of blood shall not affect the admissibility of a test of blood withdrawn for medical purposes.” § 316.1932(l)(f)(2), Fla.Stat. (1985).
Reversed and remanded.